IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS L. GORDON, *<br>Reg. #22167-076, *<br> *<br>Plaintiff, *<br>v. *  No. 2:17cv00194-JJV<br> *<br>REVERTIS CAIN, Officer, *<br>Forrest City Correctional Complex-Medium, *<br> *<br>Defendant. * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Nicholas L. Gordon ("Plaintiff") is incarcerated at the Forrest City Medium Federal Correctional Institution and filed this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 2.) He alleges Defendant Revertis Cain retaliated against him for exercising his First Amendment rights. (*Id.* at 1.)

Defendant has now filed a Motion for Judgment on the Pleadings, contending Plaintiff has failed to state a claim upon which relief may be granted. (Doc. Nos. 26-29.) Plaintiff has not responded, and the time for doing so has passed. After careful review and for the following reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED and Plaintiff's Complaint is DISMISSED without prejudice.

**II.   FACTS**

According to Plaintiff's Complaint, he filed a grievance against Defendant, alleging she had been insulting and vulgar to him and asking that disciplinary action be taken against her. (Doc. No. 2 at 2.) Defendant then "immediately retaliated" by calling Plaintiff an "eyewitness" in front of other inmates (which Plaintiff construed as an allegation that he was a snitch) and asking him if

he could prove why he was in prison. (*Id*. at 3.) Plaintiff located and presented his "relevant legal documents" to Defendant; when he later requested the return of those documents, Defendant refused, saying they had been confiscated. (*Id*. at 3-4.) Plaintiff alleges the documents were not returned until six days later, after he enlisted the help of a lieutenant and captain. (*Id*. at 4-6.) He says the documents included a "pamphlet" instructing him how to appeal the denial of his request for representation in a clemency application; according to Plaintiff, the confiscation of the pamphlet prevented him from timely submitting the application, both because he did not have the information necessary and also because he was "distracted by the wrong that was done to him." (*Id*. at 4-7.)

Plaintiff alleges Defendant's retaliatory conduct put his life in danger, defamed his character, and interfered with his request for clemency. (*Id*. at 1-2.) He seeks $10 million in punitive damages. (*Id*. at 9.)

**III.    RULE 12(c) STANDARD**

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A Rule 12(c) motion is reviewed under the same standard that governs motions to dismiss under Rule 12(b)(6). *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

IV.     ANALYSIS

Defendant argues she is entitled to qualified immunity and that, pursuant to *Ziglar v. Abbasi*, ___ U.S. ___, 137 S.Ct. 1843, 1857 (2017), Plaintiff's First Amendment claim is not cognizable under *Bivens*. (Doc. No. 27 at 3-9, 11-12.) The Court finds Defendant's qualified immunity argument is more suited for disposition through summary judgment; therefore, her Motion for Judgment on the Pleadings is granted only on the basis of her *Ziglar* argument.[1]

In *Ziglar*, decided in June 2017, the United States Supreme Court addressed the types of damages claims that are cognizable under *Bivens*. Noting *Bivens* recognized, in the absence of statutory authorization, a "damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures," the Court went on as follows:

> In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations. In *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.*, at 248-249, 99 S.Ct. 2264. And in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment. *See id.*, at 19, 100 S.Ct. 1468. These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

*Ziglar*, 137 S.Ct. at 1854-55.

The Court explained that over the years it had changed its approach in addressing the implied damages remedy under the Constitution. "Given the notable change in the Court's

---

[1] *See Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) (qualified immunity is an affirmative defense and will be upheld on a Rule 12(b)(6) motion "only when the immunity is established on the face of the complaint").

approach to recognizing implied causes of action, however, the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). In fact, the Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . for the past 30 years." *Id.* (internal citation omitted).

Because the Supreme Court has only recognized a *Bivens* remedy in the context of a Fourth Amendment search and seizure claim, a Fifth Amendment gender discrimination claim, and an Eighth Amendment medical care claim, Plaintiff's First Amendment retaliation claim presents a new *Bivens* context. Therefore, this Court must apply a "special factors" analysis to determine whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1857 (quoting *Carlson*, 446 U.S. at 18 (quoting *Bivens*, 403 U.S. at 396)). In other words, are there special factors here requiring this Court, which interprets the laws, to defer to those who write those laws?

In performing this analysis, the Court recognizes that "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Id*. at 1865. And the Court agrees with Defendant that Plaintiff has alternative remedies available to him, such as the prison administrative grievance process. "Furthermore, legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* Legislation such as the Prison Litigation Reform Act of 1995, which does not provide for a standalone damages remedy against federal officials, suggests Congress did not wish to extend *Bivens* damages remedies beyond what has already been recognized. *Id.*

Accordingly, the *Ziglar* framework precludes Plaintiff's First Amendment retaliation claim in this *Bivens* action, and his retaliation allegations fail to state a claim upon which relief may be granted.

Although the retaliation claim is the only explicit claim in Plaintiff's Complaint, a liberal interpretation might also include claims for interference with Plaintiff's mail, defamation, and physical endangerment of his life. But these allegations likewise fail to state a claim. Damages for defamation are not recoverable in a civil rights action "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (per curiam). The allegation that Defendant withheld a piece of Plaintiff's mail concerning his request for representation in his clemency application does not state a claim for the denial of access to the courts. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). Finally, the allegation that Defendant endangered Plaintiff's life by calling him an "eyewitness" in front of other inmates is conclusory at best and does not state a claim for an Eighth Amendment violation. *See Riley v. Olk-Long*, 282 F.3d 592, 595 (8th Cir. 2002) (a failure to protect claim requires a showing of a substantial risk of serious harm to the plaintiff and the defendant's reckless disregard of that risk). The Court notes Plaintiff's 28 U.S.C. § 2241 habeas corpus petition based on these same facts has been recommended for dismissal, with a recommendation that the Court decline to convert the claims to a civil rights lawsuit "only to

dismiss that suit for failure to state claims that would result in a strike." *Gordon v. Beasley*, Case No. 2:17CV00114-KGB, Doc. No. 10 at 7.

## V.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Judgment on the Pleadings (Doc. Nos. 26, 28) is GRANTED.

2. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim.

3. Dismissal of this action counts as a "strike" pursuant to 28 U.S.C. § 1915(g).[2]

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

DATED this 7th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."